

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC, ) ) ) Plaintiff, ) ) ) v. ) ) Temporary easement totaling 0.049 acres, ) more or less, over a parcel of land in ) Mecklenburg County, Virginia of ) approximately 5.23 acres in size, as more ) particularly described herein, ) *et al.*, ) ) Defendants. ) | Civil Action No.: 3:14-cv-00402-HEH |

## MEMORANDUM OPINION
(Granting Plaintiff's Motion for Summary Judgment)

This action stems from an expansion effort by Plaintiff Transcontinental Gas Pipe Line Company, LLC ("Transco") to build nearly 100 miles of interstate natural gas pipeline throughout Virginia's Southside region. The case is before the Court on Transco's Motion for Summary Judgment (ECF No. 16). For the reasons stated herein, Transco's Motion will be GRANTED.

### BACKGROUND

1. Transco is a natural gas pipeline company subject to regulation by the Federal Energy Regulatory Commission under the Natural Gas Act ("NGA" or "the Act"), codified at 15 U.S.C. §§ 717-717z. On November 21, 2013, the Federal Energy Regulatory Commission ("FERC") issued Transco a Certificate of Public Convenience

and Necessity ("FERC Certificate"). *See Transcontinental Gas Pipe Line Co. LLC*, 145 F.E.R.C. P 61152, 2013 WL 6137661 (Nov. 21, 2013). In accordance with the FERC Certificate, Transco intends to build nearly 100 miles of a new 24-inch interstate natural gas pipeline ("Virginia Southside Expansion Project" or "the Project") in multiple states. (Complaint, ECF No.1, at ¶¶ 12, 14.) The Project will allow Transco to transport natural gas from a "pooling point" in New Jersey to a new natural gas-fired power station that a Dominion Virginia Power ("DVP") affiliate is building in Brunswick County, Virginia. *Transcontinental Gas*, 2013 WL 6137661, at *4.

2. By Order entered on August 7, 2014 (the "August 7th Order," ECF No. 14), the Court granted Transco's Motion for Partial Summary Judgment (ECF No. 5) and Motion for Preliminary Injunction (ECF No. 7), and included a detailed description of the Project which is incorporated by reference into this Memorandum Opinion. (*See* August 7th Order at ¶¶ 6–14.)

3. Transco filed the Complaint in this action and Notice of Condemnation (ECF No. 3) on June 5, 2014 to condemn an easement necessary for the Project over a parcel of real property in Mecklenburg County, Virginia in which the Defendants have an interest. That real property is described as follows:

> All that certain tract or parcel of land located in the Chase City Magisterial District, Mecklenburg County, Virginia, located on Highway 49 and being designated as Lot 4, containing 5.23 ACRES, more or less, being shown and described on a plat of survey prepared by B & B Consultants, Inc., dated November 24, 1998 and also shown as Lot 4 on the Revised plat of survey dated September 02, 2005. AND BEING the same property conveyed to Annie R. Leigh from Lillian Lee, Thelma Leigh, Ralph Thomas, Sr., Courtney J.

> Leigh, Annie R. Leigh, Wilson G. Daughtry, Albert Pickett, Ben D. D'Joleto, Sr., Kathleen V. Clark, Carol Clark, Jacqueline Clark and Gregory I. Clark by Deed of Partition dated November 09, 2005 and recorded August 02, 2006 in Instrument No. 060004515 (the "Property").
>
> For informational purposes only and not to vary the preceding description of the Property, the Property is identified on the Mecklenburg County, Virginia Tax Map as Parcel No. 032000-04- 004.

(*See* August 7th Order at ¶ 1 (the "Property").)

    4.    Transco seeks to condemn a temporary construction easement over 0.049 acres of the Property ("Temporary Construction Easement"). The Temporary Construction Easement, which is necessary for the construction and operation of a portion of the Project's new 24-inch natural gas pipeline, is shown and described as "Area of Temporary Work Space" in the Survey Plat prepared by a Certified Virginia Land Surveyor ("Survey Plat"). (Compl., Ex. C thereto.) A legal description of the Temporary Construction Easement is included with the Survey Plat. A copy of the Survey Plat is attached to this Memorandum Opinion as Exhibit No. 1. The terms and conditions of the Temporary Construction Easement are set forth in Exhibit D to the Complaint, a copy of which is attached to this Memorandum Opinion as Exhibit No. 2.

    5.    In the August 7th Order, the Court found that all Defendants were properly served, and that no Defendant filed an Answer or Notice of Appearance as required by Fed. R. Civ. P. 71.1(e). (August 7th Order at ¶ 3.) Additionally, the Court held that Transco has the substantive legal right to condemn the Temporary Construction Easement pursuant to 15 U.S.C. § 717f(h). (*Id.* at 11, ¶ (3).) Pursuant to the August 7th Order, on August 15, 2014, Transco deposited the sum of $50.00 into the registry of the

Court (the "Deposit") as security for the preliminary injunction authorizing Transco to take immediate possession of the easement. (*See* Mem. Supp. Mot. for Summ. J., ECF No. 17, Ex. B. thereto.) The Court found that this sum represented the fair market value of the Temporary Construction Easement as determined by a Certified Virginia Real Estate Appraiser. (*Id.* at ¶ 31.)

6. Thus after entry of the August 7th Order, there remained only two considerations for the Court: (1) determine the just compensation owing to the remaining uncompensated Defendants for Transco's condemnation of the Temporary Construction Easement; and (2) vest legal title to this easement in Transco.

7. On September 12, 2014, Transco filed a Motion for Summary Judgment and *Roseboro v. Garrison* Notice to any *Pro Se* Defendants who might respond together with a supporting Brief. Transco's Motion requests that the Court enter summary judgment as a matter of law on the remaining two issues in this case. As no Defendant has responded to Transco's Motion, and because the time for any response has expired, this matter is now ripe for disposition.

## STANDARD OF REVIEW

8. Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c).

9. "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Celotex Corp.*, 477 U.S. at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed.R.Civ.P. 56(c) and 56(e) (1986)). "If a party fails ... to properly address another party's assertion of fact as required by Rule 56(c), the court may ... consider the fact undisputed for purposes of the motion." Fed.R.Civ.P. 56(e)(2).

10. In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *U.S. v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Nevertheless, the nonmoving party cannot "'create a genuine issue of material fact through mere speculation or the building of one inference upon another.'" *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)).

## ANALYSIS

11. The appropriate measure of compensation in a condemnation proceeding is the fair market value of the property as of the date of the taking. *See U.S. v. Miller*, 317 U.S. 369, 374, 63 S.Ct. 276, 87 L.Ed. 336 (1943); *see also Columbia Gas Transmission Corp. v. Rodriguez*, 551 F. Supp. 2d 460, 462 (W.D. Va. 2008) (citing *U.S. v. Petty Motor Co.*, 327 U.S. 372, 377–78 (1946)) (holding that "'[m]arket value,' rather than the

value to the condemnor or the owner, is the proper measure of just compensation."). The landowner bears the burden of proving the value of the land taken. *U.S. v. 69.1 Acres of Land*, 942 F.2d 290, 292 (4th Cir. 1991) (citing *U.S. ex rel. TVA v. Powelson*, 319 U.S. 266, 274, 63 S.Ct. 1047, 87 L.Ed. 1390 (1943)).

12. Transco is the only party to present any evidence establishing the fair market value of the Temporary Construction Easement. Despite abundant time to do so, no Defendant in this action has presented any evidence as to fair market value, nor has any defendant objected to or opposed the evidence provided by Transco. Under Local Civil Rule 7(K)(2) and Fed. R. Civ. P. 56(e), the Court is entitled to, and hereby shall, consider Transco's Motion for Summary Judgment to be unopposed, accept as true and correct the facts asserted in the Motion and supporting brief, declaration, and documentary evidence, and rule on the papers without a hearing. *See Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993) (recognizing that failing to respond to a summary judgment motion entitles the district court to treat the motion as unopposed and the facts stated therein as uncontroverted).

13. After reviewing the record, the Court concludes that there is no genuine issue as to any material fact, and Transco is entitled to summary judgment as a matter of law.

14. In support of its Motion, Transco presents a detailed Appraisal Report prepared by independent Certified Virginia Real Estate Appraisers concluding that the fair market value of the Temporary Construction Easement is $50.00. (*See* Mem. Supp. Mot. for Summ. J., Ex. A. thereto, Valbridge Property Advisors Appraisal Report ("Appraisal Report").) Considering both the breadth and quality of the Appraisal

6

Report, the Court accepts the report's suggestion as to fair market value of the Temporary Construction Easement. Particularly significant is the Appraisal Report's consideration of sales of comparable land within a reasonable time before the taking. (*Id.* at 1, 18–25); *see U.S. v. 100.01 Acres of Land*, 102 F. App'x 295, 298 (4th Cir. 2004) (unpublished) (explaining that the "best evidence" of fair market value is sales of comparable land within a reasonable time before the taking) (quoting *U.S. v. Whitehurst*, 337 F.2d 765, 775 (4th Cir. 1964).

15. Transco deposited the sum of $50.00 with the Court in connection with the preliminary injunction previously granted in this action. (*See* Mem. Supp. Mot. for Summ. J., Ex. B. thereto.) The Court, therefore, finds that those funds should be deemed payment of the just compensation required for condemnation of the Temporary Construction Easement.

16. Having satisfied its obligation to pay just compensation for the Temporary Construction Easement, the Court hereby finds that Transco should be vested with indefeasible legal title to that easement.

17. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Nov. 25, 2014
Richmond, Virginia